MAYO v. DOCKERY.

(October 9, 1900.)

*Removal of Causes—Order, Non-appealable.*

> Order of State court to its clerk to certify the record to a fed-
> eral court, after the latter court has ordered it removed is
> not appealable.

CIVIL ACTION, by L. R. Mayo against H. C. Dockery, heard
by Judge *A. L. Coble,* at May Term, 1900, of BEAUFORT Su-
perior Court.   From an order directing the Clerk to certify
the record to the Federal Court, the plaintiff appealed.

*Chas. F. Warren* and *Wm. B. Rodman,* for plaintiff.
*Fabius H. Busbee,* for defendant.

FAIRCLOTH, C. J.   The plaintiff sues for damages in an
alleged unlawful seizure and conversion of his property.   On
application of the defendant, the Judge of the Circuit Court
for the Eastern District of North Carolina ordered that the
suit be removed to said Circuit Court, and that all proceed-
ings therein be certified to said Court.   At May Term of
the Superior Court, his Honor made this entry in the cause:

"That the Clerk of this Court is directed to certify the record in this cause" to said Circuit Court, from which order the plaintiff appeals to this Court. We can not consider the merits of the appellant's exceptions; for the reason, that, in our opinion, the order appealed from was non-appealable. The order does not profess to remove the cause to the Federal Court, nor to stay proceedings in the Superior Court, nor do we think that is its legal effect. The order simply directed the Clerk to do an act which he was bound by law to do without direction. The statute provides that, if the Clerk of the State Court shall refuse to any one of the parties applying for removal a copy of the record in the cause, he shall be deemed guilty of a misdemeanor, and shall be fined or imprisoned, or both, in the discretion of the Court. Act March 3, 1875, sec. 7 (18 Stat. 470).

Appeal dismissed.